**MILLER v. BROADWAY et ux.** (No. 1604.)*

(Court of Civil Appeals of Texas. El Paso.
March 27, 1924. Rehearing Denied
May 1, 1924.)

1. **Evidence** ⬤⟲271(21)—**Affidavit of misrepresentations and reliance thereon in suit to cancel power of attorney held self-serving.**

In action to rescind power of attorney to prosecute claims to interest in oil land in consideration of interest therein for false representations of value of plaintiffs' interest, affidavit made by plaintiffs, as to such misrepresentations and their reliance thereon, at or about time of their repudiation of agreement and compromise agreement with other parties interested, *held* inadmissible as self-serving.

On Rehearing.

2. **Appeal and error** ⬤⟲843(3)—**Sufficiency of plaintiffs' evidence and matters of defense not considered in view of new trial.**

Sufficiency of evidence to support cause of action and defense is not considered, where judgment for plaintiffs is reversed and cause remanded for new trial because of improper evidence.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by J. H. Broadway and wife against E. J. Miller. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Jenkins & Miller, of Brownwood, and Burkett, Orr & McCarty, of Eastland, for appellant.

Conner & McRae, of Eastland, for appellees.

HARPER, C. J. This action is to rescind and cancel a power of attorney coupled with an interest executed by appellees in favor of appellant upon the ground of fraud in procuring its execution. Tried to a jury, submitted upon special issues and upon the verdict, judgment was granted plaintiff in all things as prayed for. From which an appeal is perfected.

The appellant urges that the petition of plaintiff does not state a cause of action, therefore subject to general demurrer, and

especially insists that it is not sufficiently specific in certain respects to put the defendant upon notice of what he is to meet in defending the suit, so his special exceptions should have been sustained.

We have concluded that a good cause of action is stated therein.

It was not error to refuse peremptory instruction for defendant.

[1] But we have further concluded that the cause must be reversed for new trial because of improper evidence admitted over the objections of defendant.

The power of attorney sought to be canceled was executed June 28, 1922, by J. H. Broadway and wife, to defendant E. J. Miller, appointing the latter attorney in fact to recover any interest in lands which they may have in Brown, Eastland, and Callahan counties, Tex., and in consideration of his services there is granted a two-thirds interest of such lands as may be recovered.

The record shows that the real object in the execution of the power of attorney was that defendant as attorney might prosecute the claims of plaintiffs to an undivided interest in a tract of land in Eastland county upon which oil had been found, and it further appears that the plaintiffs after discovering that their interest in the oil was of considerable value repudiated the power of attorney given by them to Miller and entered into a compromise agreement with other parties at interest in the land and oil.

At or about the time of the compromise and on the 17th of August, 1922, Broadway and wife signed and acknowledged the following, and placed same of record in the county:

"The State of Texas, County of Lampasas:

"Before me, the undersigned authority, a notary public in and for said county and state, on this day personally appeared J. H. Broadway, and his wife, Q. V Broadway, known to me to be the persons who have signed their names hereunto, and after having been by me duly sworn on oath, each says:

"That heretofore, to wit, on or about the 28th day of June, A. D. 1922, one E. J. Miller, of Brown county, Texas, induced affiants to execute a power of attorney coupled with an interest in 100 acres of land out of the W. G. Watkins Survey, Eastland county, Texas, known as the B. F. Eakin land, whereby the said Miller acquired a two-thirds interest in whatever right, title and interest affiants had in said land; that affiants did not know the value of the interest owned by them in said land and were wholly ignorant of the same having any great value; that the said Miller represented to affiants that he estimated the value of affiants' interest in said land at approximately $250.00; that the said Miller represented to affiants that it would entail a great expense to recover said interest and wholly and grossly misrepresented the facts pertaining to the value of the interest to which affiants are entitled; that said power of attorney was procured through misrepresentations and fraud and is therefore null and void; that affiants

executed said power of attorney because they relied upon the statements and representations made by said Miller to them, and believed them to be true, but they have later ascertained that such statements and representations were incorrect and untrue.

.          "J. H. Broadway.
            "Q. V. Broadway. •

"Sworn and subscribed before me this 17th day of August, 1922.    J. E. Moran, Notary Public, Lampasas Co., Texas."

Upon the trial of the case this affidavit was introduced in evidence over the objection of defendant that it was hearsay, was acts and declarations of plaintiffs in the absence of and without the knowledge of the defendant, was self-serving, inflammatory, etc. This was error. Houston v. Blythe, 60 Tex. 511; Magee et al. v. Paul (Tex. Civ. App.) 159 S. W. 325.

The matters in this affidavit are the same as charged in plaintiffs' petition and upon which they depend to cancel the power of attorney.

Appellees suggest several matters which they urge it was admissible to prove, but we are of the opinion that it was not admissible for any purpose, because self-serving as to all matters in controversy in this suit.

First Nat. Bank of Ala. v. Rush et al. (Tex. Civ. App.) 227 S. W. 379, and other testimony concerning this affidavit should have been excluded upon objections from defendant to the same effect.

The testimony of witness Hadnett that the entire Eakin family, including himself, were ready and willing at all times to pay the Broadways whatever interest they had in the land and oil produced therefrom after they found out that they, the Broadways, had an interest in it, was not admissible for any purpose. The record in this case discloses affirmatively that the plaintiffs owned a one thirty-second interest in the land in controversy as well as in all oil taken from it, and the fact that the other parties at interest were willing to pay for it after the facts were known does not tend to prove or refute the issues in the case.

There are many assignments and propositions charging error, in form and substance, as to the several special issues submitted by the trial court, which are overruled.

Because of the improper evidence noted above the cause must be reversed and remanded for a new trial, and so ordered.

### On Rehearing.

At the suggestion of appellant we add the following to the original opinion:

[2] We do not pass upon the question of the sufficiency of the evidence to support the plaintiff's cause of action, nor the matters of defense in view of the fact that the evidence may be different upon another trial. Otherwise, the motion for rehearing is overruled.